IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal Action No. 20- 21 - UNA |
| v. | ) |
| | ) |
| PENGCHENG LV, | ) |
| | ) |
| Defendant. | ) |

**INFORMATION**

The United States Attorney for the District of Delaware charges that:

**Introduction**

1. At all times material to this Information, the defendant, PENGCHENG LV, was a co-owner of AlphaSense, Inc. ("AlphaSense"), incorporated in Delaware with its principal place of business in Delaware.

**Small Business Set Aside Programs**

At all times material to this Information:

2. Through Section 9(j) of the Small Business Act, federal law required that the Small Business Administration ("SBA") issue Small Business Innovation Research ("SBIR") Program and Small Business Technology Transfer ("STTR") Program Policy Directives for the general conduct of the SBIR and STIR programs (collectively, "the programs") within the U.S. government. The statutory purpose of the set-aside programs was (1) to strengthen the role of innovative Small Business Concerns ("SBCs") in federally-funded research and development, and (2) to increase competition, productivity and economic growth. Additional specific program purposes were to:

1

FILED

FEB 20 2020

U.S. DISTRICT COURT DISTRICT OF DELAWARE

    a.    stimulate U.S. technological innovation;

    b.    use SBCs to meet federal research and development needs;

    c.    foster and encourage participation in technical innovation by socially and economically disadvantaged SBCs, and by SBCs that are at least 51-percent owned and controlled by women;

    d.    increase private-sector commercialization of innovations derived from federal research and development;

    e.    promote cooperative research and development with non-profit research institutions; and

    f.    foster and encourage participation by socially disadvantaged businesses.

### Relevant Definitions as Used in this Information

3. The term "solicitation" meant the advertisements by the U.S. government departments, agencies, and offices that provided the information necessary to submit proposals to receive funding under the programs.

4. The term "proposal" included all of the information and documents – physical or electronic – submitted to the U.S. government in support of an effort by people and entities (collectively, "applicants") to obtain funds from the programs. Truthfulness in the proposals was required to be certified, generally by the applicant acknowledging that he or she understood that it was a crime to provide false information or to omit material information.

5. The term "award" meant the agreement entered into between the applicants and the U.S. government concerning an issuance of funds made through the programs. Some departments, agencies, and offices referred to these agreements as contracts and others as grants, but the term "award" encompassed both. Truthful adherence to the terms and conditions in the awards was material to the U.S. government.

6. The recipient of the funds was allowed to make a reasonable profit or fee ("profit"), but there were generally limits to how much profit could be made from an award.

7. Each certified proposal submitted to the U.S. government was evaluated and scored on its own merits. The proposal evaluators relied upon the truthfulness of what was submitted to them by the applicants.

### AlphaSense

8. At all times material to this Information, the defendant worked at AlphaSense as a Senior Scientist. The defendant's responsibilities also included preparing proposals to submit to U.S. government departments, agencies, and offices so that AlphaSense could receive awards under the programs. The defendant's responsibilities further included preparing and causing to be prepared information and requests for payment for submission to the U.S. government so that AlphaSense could receive payments under the awards.

### The Scheme and Artifice to Defraud

9. Beginning in or around June 18, 2008, and continuing up to and including November 21, 2016, in the District of Delaware and elsewhere, the defendant, PENGCHENG LV, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

10. It was part of the scheme that the defendant would and did fraudulently use and cause to be use AlphaSense to seek government awards under the programs.

11. It was further part of the scheme that the defendant would and did prepare and cause to be prepared materially false and fraudulent proposals for awards under the programs, said material falsity involving:

3

    a.    employees, including (i) the number AlphaSense's employees, and (ii) the identity of AlphaSense's employees, including by using the identities of people without permission and representing that they were AlphaSense employees that would work on the projects set forth in the proposals;

    b.    subcontractors and consultants, including by (i) using the identities of University professors without permission to propose them as subcontractors and consultants and (ii) without lawful authority, fraudulently modifying, creating, and editing and causing to be modified, created, and edited subcontract proposals submitted with proposals;

    c.    endorsements, including by (i) using the identities of people and (ii) without lawful authority, fraudulently modifying, creating, and editing and causing to be modified, created, and edited endorsements submitted with proposals;

    d.    costs; and

    e.    certifications.

12.    It was further part of the scheme that the defendant would and did fraudulently submit and cause to be submitted materially false and fraudulent proposals for awards to the U.S. government.

13.    It was further part of the scheme that the defendant would and did receive and cause to be received payments from the U.S. government on fraudulently-obtained awards.

14.    It was further part of the scheme that the defendant would and did submit and cause to be submitted requests for payment to the U.S. government that falsely inflated AlphaSense's actual costs.

15.    It was further part of the scheme that the defendant would and did receive and cause to be received payments from the U.S. government based on falsely inflated cost submissions.

16.    It was further part of the scheme that the defendant would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme.

## COUNT ONE – WIRE FRAUD

17. Paragraphs 1 through 16 above are incorporated herein by reference.

18. On or about October 28, 2014, in the District of Delaware and elsewhere, the defendant, PENGCHENG LV, having devised and intending to devise the scheme and artifice described in Paragraphs 1 through 17 above, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud and to obtain money and property by false and fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit, electronic signals from a computer in Delaware to Department of Defense servers outside of Delaware, as a result of the electronic submission of a "Final Report" in connection with Air Force award FA8117-14-C-0009, in violation of 18 U.S.C. § 1343.

## NOTICE OF FORFEITURE

20. The allegations in Count One of this Information are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures.

21. Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), upon conviction of an offense under 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

22. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

5

   e. has been commingled with other property which cannot be divided without difficulty; then,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), all pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

         DAVID C. WEISS
         United States Attorney

         */s/ Laura Hatcher*
         Laura Hatcher
         Assistant United States Attorney

         */s/ Elisabeth Christensen*
         Elisabeth Christensen
         Special Assistant United States Attorney

Dated: 2/19/2020