IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal Action No. 20-21-MN |
| v. | ) |
| | ) |
| PENGCHENG LV, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, Laura D. Hatcher, Assistant United States Attorney, and Elisabeth Christensen, Special Assistant United States Attorney, and Defendant, Pengcheng Lv, by and through his attorney, Peter Zeidenberg, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. By this Plea Agreement, Defendant agrees to waive indictment and enter a voluntary plea of guilty in the United States District Court for the District of Delaware to a one-count Information charging him with Wire Fraud, in violation of 18 U.S.C. § 1343.

2. Defendant understands that the charge against him in Count One of the Information carries the following maximum statutory penalties: twenty (20) years imprisonment; a $100 special assessment; three years supervised release; restitution; and a fine equal to the greater of $250,000 or twice the gross loss or gain from the offense.

3. Defendant understands that if there were to be a trial, the government would have to prove beyond a reasonable doubt the following elements: (1) the defendant devised a scheme or

artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises; (2) the defendant acted with the intent to defraud; and (3) in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.  Defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above described elements of Count One of the Information.

4. Defendant is pleading guilty to the charge contained in Count One of the Information because he is, in fact, guilty.

5. The parties stipulate and agree that the loss resulting from Defendant's conduct and the conduct for which Defendant is held responsible pursuant to United States Sentencing Guideline ("U.S.S.G.") § 1B1.3(a) (relevant conduct), is between $250,000 and $550,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(G) of the November 1, 2018 Guidelines Manual.  Defendant understands that there may be other applicable enhancements under the United States Sentencing Guidelines, and nothing in this Memorandum precludes the government from seeking to apply such enhancements.  Defendant also understands that this stipulation is not binding upon either the Probation Office or the Court, and that the Court may make factual and legal determinations that differ from this stipulation and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

6. The United States Attorney's Office for the District of Delaware will not initiate any further criminal charges against Defendant or his wife, Xin Zhang, for conduct that: (i) is known to the government as of the date of this agreement; and (ii) is related to the investigation that led

to the offense set forth in the Information. The Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by the Defendant.

7. Provided that the United States does not subsequently learn of conduct by Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of Defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for Defendant's affirmative acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the United States agrees to move for the reduction of the Offense Level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

8. Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. Defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than Defendant expected, or contrary to the recommendation of his attorney or the United States, Defendant will not be allowed to withdraw his guilty plea on that basis.

9. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

10. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

11. Defendant agrees to forfeit all interests in any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, the violation charged in Count One of the Information and all relevant conduct, including as reflected in Paragraph 5. Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), Defendant will promptly consent to the preliminary order of forfeiture becoming final as to Defendant before sentencing if requested by the government to do so.

12. Defendant acknowledges that the United States may seek restitution for the loss the United States, its agencies, and citizens, believes that it incurred as a result of Defendant's conduct. Defendant understands that United States may recommend to the Court that Defendant's restitution

obligation be satisfied through the payment to the United States of an amount of $549,999. Defendant disputes that any restitution is owed to the government for his crimes.

13. Defendant agrees that, if the Court orders him to pay restitution, such payment is due and payable within sixty (60) days of entry of judgment, or entry of the restitution order if the Court defers a finding on the amount of restitution owed. If full payment is not received within sixty (60) days of entry of judgment/restitution order, Defendant agrees that restitution is subject to immediate enforcement, in full, by the United States.

14. Defendant agrees to make a full and complete financial disclosure as set forth below:

a) Defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than thirty (30) days subsequent to Defendant's change of plea hearing, Defendant will submit a completed sworn financial statement ("Financial Statement") to the United States Probation Office ("USPO"), in the form the USPO provides and as it directs. Defendant will also provide to the USPO any supporting documentation in Defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

b) Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide to the government any additional supporting documentation beyond that provided to the USPO in Defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. Defendant agrees that,

at the discretion of the government, Defendant will participate in a deposition in aid of collection of restitution, which may occur any time between the entry of the guilty plea and entry of judgment.

        c)  Should Defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may do any or all of the following: (i) oppose any reduction in Defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a);  (ii) seek an enhancement of Defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1;  (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information;  and/or (v) void this Plea Agreement in its entirety.

15. Defendant acknowledges that the conduct set forth in the Information is also a violation of the False Claims Act, 31 U.S.C. §§ 3729 – 3733, and agrees he will execute any and all settlement documents associated with his civil violations within thirty (30) days of the Court's order on restitution.

16. Defendant and the United States agree that any amount of restitution paid by Defendant will be credited against any amounts owed through Defendant's settlement agreement with the United States in the parallel civil action for violations of the False Claims Act, 31 U.S.C. §§ 3729 – 3733.

17.  Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture

proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

18. Defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, Defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

19. Defendant expressly waives any defenses to the prosecution of the charge in the Information, or any relevant conduct, based on laches or any applicable statute of limitations.

20. Defendant agrees to pay the Special Assessment of $100 at the time of sentencing. If the Court orders the payment of any fine as part of Defendant's sentence, and if Defendant is sentenced to a term of incarceration, Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of Defendant's prison salary and apply it on Defendant's behalf to the payment of the outstanding debt ordered.

21. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum

are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                                                    DAVID C. WEISS
                                                                    UNITED STATES ATTORNEY

_____  By:  _____
Peter Zeidenberg, Esquire                       Laura D. Hatcher
Attorney for Defendant                      Assistant United States Attorney
                                                                    Elisabeth Christensen
                                                                    Special Assistant United States Attorney

_____                        Dated: May 18, 2020
Pengcheng Lv
Defendant

**AND NOW**, this  28th  day of  July , 2020, the foregoing Memorandum of Plea Agreement is hereby accepted by this Court.

                                                                        _____
                                                                        HONORABLE MARYELLEN NOREIKA
                                                                        UNITED STATES DISTRICT JUDGE
8